STATE OF MAINE
CUMBERLAND, ss.

BANK OF AMERICA N.A.,

Plaintiff

v.

CHERYL WALD, et al.

Defendants

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-11-566/*oc 3*
*TDW · Cum~ 1/30/oc 3*

ORDER

STATE OF MAINE
Cumberland ss. Clerk's Office

JAN 3 0 2013

**RECEIVED**

Trial was held in the above-captioned mortgage foreclosure case on January 22, 2013. Defendants Cheryl Wald and William Wald and party in interest Stephen Godin did not appear in person but were represented by counsel at trial.[1]

Except as to the three issues discussed below, there is no dispute that the Bank of America has otherwise established that it is entitled to a judgment of foreclosure.

1. Note as Negotiable Instrument

Counsel for the Walds argues that the note held by the Bank of America is not a negotiable instrument and therefore cannot be enforced by the Bank as a holder of the note pursuant to an endorsement by Countrywide Home Loans, Inc. The Walds rely on the requirement in 11 M.R.S. § 3-1104(1)(c) that a negotiable instrument must be unconditional and may not include any undertaking other than the payment of money.

The Walds contend that because their note includes undertakings other than the payment of money. By way of example, the note states that they must inform the note

---

[1] All three are represented by the same counsel, Andrew Broaddus, Esq. No return of service had been filed with respect to Godin at the time of trial but it was acknowledged by counsel at the trial that he had been served, and under M.R.Civ.P. 3 the Bank had until February 13, 2013 to file a return of service. The Bank has subsequently filed a return of service on Godin.

holder in writing if they make a prepayment. They also apparently contend that other provisions of the note constitute undertakings in addition to the payment of money.

The court has not found any authority under § 3-1104 that speaks directly to this issue but is unconvinced by the Walds' argument. The reason negotiable instruments cannot include other undertakings is to eliminate the possibility that an undertaking to pay will become intertwined with (and subject to defenses based on) other contractual obligations. Payment terms, including terms regarding notices of prepayment and the other terms included in Plaintiff's Exhibit A, do not give rise to other contractual issues or defenses, and the court thus concludes that the note in this case was a negotiable instrument notwithstanding the Walds' argument under § 3-1104(1)(c).

### 2. Role of Mortgage Electronic Registration Systems

Counsel for the Walds argues that MERS, described in the mortgage as acting solely as nominee for Countrywide Home Loans Inc. but also as the Mortgagee of Record for recoding purposes, could not validly assign the mortgage to BAC Home Loans Servicing LP (since merged into Bank of America N.A.). The court has reviewed Mortgage Electronic Registration System Inc. v. Saunders, 2010 ME 79, 2 A.3d 289, and concludes that, while MERS would not have had standing to institute a foreclosure proceeding, MERS (as nominee for Countrywide Home Loans Inc. as lender) could effectively assign the mortgage. Indeed, the mortgage provides that Cheryl Wald, as mortgagor, conveyed the property to MERS, as "nominee for Lender and Lender's successors and assigns," to have and to hold all of the property to MERS "and to its successors and assigns, forever." Plaintiff's Ex. B, Mortgage Page 3 (emphasis added). The mortgage thus expressly contemplated that MERS might assign the mortgage and

the court can discern no reason why an assignment by MERS to the real party in interest in this case would not be valid.

### 3. Notice of Default

One issue here is whether Cheryl Wald (who is the only defendant who signed the mortgage and who is apparently the sole record owner of the property even though both she and her husband signed the note) was occupying the property as her primary residence at the time that the Bank of America sought to accelerate maturity or otherwise enforce the mortgage. If not, 14 M.R.S. § 6111 is inapplicable.

On this issue counsel for the Walds initially appeared to concede at the trial that Cheryl Wald had never lived in the subject property but later stated that he was not sure of that. The answer filed by the Walds alleges that they did live at the building. Ultimately the court does not find that it matters whether or not § 6111 applies or whether only the notice provisions of the mortgage apply. Under section 15 of the mortgage (Plaintiff's Ex. B, page 12) the Bank must prove that it sent the notice of default by first class mail to Cheryl Wald at the subject property unless she had given notice to the lender of a different address. No evidence was offered in this case that Cheryl Wald had given notice of a different address, but the court can infer that a Florida address was given to the Bank.[2]

Under § 6111 (if applicable because the mortgagor is occupying the property as his or her primary residence) the Bank must prove that it sent notice to Cheryl Wald at the subject property either by certified mail or by first class mail. 14 M.R.S. § 6111(3). In

---

[2] It appears likely that she had given the Bank notice of a different address because, in addition to sending letters addressed to Cheryl and William Wald at 368 Main Street in Westbrook, the Bank also sent notices to them at an address in Haines City, Florida and William Wald signed for certified mail delivered to them at the Florida address. The Walds were also served with the summons and complaint at the Florida address.

3

this case the notice of default, admitted as a business record, is addressed to the Walds at both the subject property and at their Florida address and states that it was "sent via certified mail and regular mail." Plaintiff's Ex. D. Business records referencing the mailing, including acknowledgments from the Bureau of Consumer Credit and copies of unsigned certified mail records are annexed to Exhibit D. Finally, Exhibit D also contains a signed certified mail receipt from William Wald (for the mailing to the Florida address) indicating that the Florida mailing was received more than two months before the commencement of this action.

On summary judgment, the court might not be able to draw inferences in favor of plaintiff on this issue. However, based on the evidence at trial, where business records recite that the notice was mailed via certified and regular mail and where there are additional postal and other records of mailing and where one of the notices was in fact received, the court concludes that it is more likely than not that notice was mailed to Cheryl Wald by certified mail and regular mail at the subject property and by certified and regular mail to her Florida address. This is sufficient to establish that the notice of default was duly mailed regardless of whether § 6111 or the terms of the mortgage govern mailing in this case.

The entry shall be:

Plaintiff shall submit a proposed judgment of foreclosure and shall provide copies of same to counsel for defendants. Defendants shall have seven days from the filing of the proposed judgment in which to submit any objections to the provisions of the judgment. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January _3̲0̲_, 2013

_____
Thomas D. Warren
Justice, Superior Court

4

--------------------------------------------------------------------

| 01 | 0000002302 | BROADDUS, ANDREW | | | |
|---|---|---|---|---|---|
| | PO BOX 368 706 MAIN STREET WESTBROOK ME 04092 | | | | |
| F | CHERYL A WALD | | DEF | RTND | 11/18/2011 |
| F | WILLIAM S WALD | | DEF | RTND | 11/18/2011 |

| 02 | 0000009876 | HARDIMAN, JEFFREY J | | | |
|---|---|---|---|---|---|
| | 1080 MAIN STREET PAWTUCKET RI 02860 | | | | |
| F | BANK OF AMERICA NA | | PL | RTND | 10/09/2012 |